**NOT FOR PUBLICATION**

```
                      UNITED STATES DISTRICT COURT
                         DISTRICT OF NEW JERSEY
                             CAMDEN VICINAGE
```

|  |  |
|---|---|
| FRANCISCO ANTONIO BURGOS, | HON. NOEL L. HILLMAN |
| Petitioner, | Civil No. 09-0752 (NLH) |
| v. |  |
| JOHN GRONDOLSKY, | **OPINION** |
| Respondents. |  |

**APPEARANCES**:

> FRANCISCO ANTONIO BURGOS, #50408-066
> F.C.I. Fort Dix
> P.O. Box 2000
> Fort Dix, New Jersey 08640
> Petitioner Pro Se

**HILLMAN, District Judge**

Francisco Antonio Burgos, an inmate currently confined at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the Bureau of Prison's ("BOP") calculation of his sentence after it was reduced, pursuant to 18 U.S.C. § 3582(c)(2), as a result of retroactive amendments to the Sentencing Guidelines.  This Court will summarily dismiss the Petition without prejudice because it appears from the face of the Petition and attachments that Petitioner failed to exhaust the BOP's Administrative Remedy Program.  See 28 U.S.C. § 2243; 28 U.S.C. § 2254 Rule 4, applicable to § 2241 cases through Rule 1(b).

## I.   BACKGROUND

Petitioner challenges the BOP's calculation of his projected release date.  On May 13, 1999, United States District Judge Van Antwerpen sentenced Petitioner to an aggregate 246-month sentence and five years of supervised release after a jury in the Eastern District of Pennsylvania convicted him of conspiracy to distribute crack cocaine, distribution of crack cocaine and use of a gun during a drug trafficking crime.  See United States v. Burgos, Crim. No. 98-335-1 judgment (E.D. Pa. May 13, 1999).  On June 15, 1999, based on Petitioner's guilty plea to conspiracy to distribute and possess with intent to distribute crack cocaine, United States District Judge Sean J. McLaughlin sentenced Petitioner to a term of 210 months, to be served concurrently with the term of imprisonment pursuant to the judgment in Crim. No. 98-0335-1.  See United States v. Burgos, Crim. No. 94-0027-SJM-2 am. judgment (W.D. Pa. June 15, 1999).

Petitioner thereafter filed motions in both sentencing courts to reduce the terms of imprisonment imposed, pursuant to 18 U.S.C. § 3582(c)(2), based on retroactive amendments to the Sentencing Guidelines regarding crack cocaine.  Each sentencing court granted Petitioner's motions and reduced each sentence by 42 months; on October 7, 2008, the sentence imposed by the Eastern District of Pennsylvania was reduced from 246 months to 204 months, see United States v. Burgos, Crim. No. 98-335-1 am.

2

judgment (E.D. Pa. Oct. 7, 2008), and on December 9, 2008, the sentence imposed by the Western District of Pennsylvania was reduced from 210 months to 168 months, see United States v. Burgos, Crim. No. 94-0027-SJM-2 am. judgment (W.D. Pa. Dec. 9, 2008).

On January 24, 2009, Petitioner filed a request for administrative remedy asking Warden Grondolsky to recalculate his projected release date to reflect an 84-month reduction. A copy of the request is attached to the Petition. (Pet., attachm.) (Docket entry #1, p. 3.) In a written response on January 29, 2009, the Warden indicated that Petitioner's projected release date was recalculated as February 17, 2013. (Id.) Nothing set forth in or attached to the Petition indicates that Petitioner appealed the Warden's determination to the Regional Director or the Central Office of the BOP.

On February 10, 2009, Petitioner executed the § 2241 Petition which is presently before this Court. The Clerk received it on February 17, 2009. Petitioner asks this Court for an order directing the BOP to immediately release him because his aggregate term of imprisonment was reduced by 84 months to a 162-month term, which he has served:

> Petitioner received a sentencing reduction of 84 months total. Petitioner con-current sentence was then reduced from 246 months of imprisonment, to 162 months of imprisonment. For a sentence of 162 months, Petitioner only have to serve 137 months. Petitioner

3

> Francisco Burgos is incarcerated for 135 months, and should have been transferred to a Community Correctional Facility, upon the sentencing reduction. Wherefore, Petitioner prays that this Honorable Court review Petitioner file and order his release.

(Pet., p. 2.) (Docket entry #1, p. 2.)

## II.  DISCUSSION

A.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions
>
> . . . .
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001).  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence."  Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976).

4

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner seeks not to vacate or correct his sentence, but to challenge the BOP's calculation of his projected release date.  See Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991).

B. Administrative Exhaustion

Although 28 U.S.C. § 2241 contains no exhaustion requirement, "[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241."  Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); see also, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).  The United States Court of Appeals for the Third Circuit requires administrative exhaustion of a claim raised under § 2241 for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  Moscato v. Federal Bureau of Prisons, 98 F. 3d 757, 761-62 (3d Cir. 1996); see also Gambino, 134 F.3d at 171; Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988).

The BOP's Administrative Remedy Program is a three-tier process available to inmates confined in institutions operated by the BOP who "seek formal review of an issue relating to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). An inmate must generally attempt to informally resolve the issue by presenting it to staff. See 28 C.F.R. § 542.13. If the issue is not informally resolved, the inmate may submit a request for administrative remedy to the Warden. See 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response may appeal to the Regional Director, and an inmate dissatisfied with the Regional Director's decision may appeal to the General Counsel in the Central Office. See 28 C.F.R. § 542.15(a). Appeal to the General Counsel is the final administrative appeal. Id.

In this case, neither the facts asserted in the Petition nor the attachments to it indicate that Petitioner appealed the Warden's decision to the Regional Director and to the Central Office. Thus, it appears from the face of the Petition that Petitioner failed to exhaust administrative remedies under the second and third steps of the Administrative Remedy Program.[1] This Court sees no reason to excuse exhaustion. See Woodall, 432

---

[1] Since Petitioner attached the relevant documents to the Petition, including the Warden's January 29, 2009, decision on his request for administrative remedy, but failed to attach any documents concerning administrative appeals to the Regional Director and Central Office, one can infer that Petitioner did not pursue the exhaustion of his administrative remedies.

6

F. 3d at 239 n.2; <u>Gambino</u>, 134 F. 3d at 171.  This Court will accordingly dismiss the Petition without prejudice for failure to exhaust available administrative remedies.[2]  <u>See</u> <u>Lindsay v. Williamson</u>, 271 Fed. Appx. 158, 160 (3d Cir. 2008) (affirming summary dismissal of § 2241 petition challenging BOP's execution of sentence "[b]ecause the District Court could determine from the face of Lindsay's petition that he did not exhaust his administrative remedies, a prerequisite to suit"); <u>Warwick v. Miner</u>, 257 Fed. Appx. 475 (3d Cir. 2007) (affirming dismissal of § 2241 petition challenging BOP's calculation of sentence for failure to exhaust Administrative Remedy Program).  The dismissal is without prejudice to the filing of a new petition in the event that the BOP finally declines relief or to the reopening of this case if Petitioner has in fact pursued all three levels of the Administrative Remedy Program but he neglected so to state in his pleading.

---

[2] This Court is aware that, according to Petitioner's calculation of his sentence, the sentence has expired, or will shortly expire, but this Court will nevertheless not excuse Petitioner's failure to exhaust.  Petitioner's calculation, which is set forth in the Petition, appears incorrect, as Petitioner mistakenly thinks that 84 months should be deducted from the longer sentence of 246 months, leaving a new aggregate sentence of 162 months.  However, since each sentence was reduced by 42 months, Petitioner's new aggregate sentence would be 246 months minus 42 months, which equals 204 months.

### III. CONCLUSION

For the reasons set forth above, the Court dismisses the Petition for a Writ of Habeas Corpus without prejudice for failure to exhaust administrative remedies available before the Bureau of Prisons.

                                                s/Noel L. Hillman  
                                                **NOEL L. HILLMAN, U.S.D.J.**

Dated:   March 6 , 2009

At Camden, New Jersey